UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN COOKE,

                                   Plaintiff,

            -v.-                                                    9:07-CV-1292
                                                                    (GLS)(GJD)
STERN, Supt. Programs, Bare Hill Correctional          LEAD CASE
Facility; S. FLANAGAN; and MULLERVILLE,
R.N.,


                                   Defendants.
_____

JOHN COOKE,

                     Plaintiff,

            -v.-                                                    9:08-CV-0074
                                                                    (DNH)
MS. S. FLANAGAN and MS. K. MULLERVILLE,
R.N.,


                     Consolidated Defendants.
_____

APPEARANCES:

JOHN COOKE
90-A-3686
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

## DECISION and ORDER

        The Clerk has sent to the Court for review two civil rights complaints,

together with applications to proceed in forma pauperis, from plaintiff John

Cooke, who is currently incarcerated at Franklin Correctional Facility.[1]  *See*

*Cooke v. Stern*, No. 9:07-CV-1292, Dkt. No. 1 ("Cooke I") and *Cooke v.*

*Flanagan*, No. 9:08-CV-0074, Dkt. No. 1 ("Cooke II").  For a more complete

statement of Cooke's claims, refer to the complaints.

## I.    Consolidation

The facts alleged in both complaints appear to involve common

questions of law and/or fact.  In each, Cooke alleges that while incarcerated

at Barehill Correctional Facility, defendants were deliberately indifferent to his

medical needs; assigned him to programming without taking into

consideration his disability; and failed to protect him from a known danger.[2]

Therefore, the Court consolidates these actions.  FED. R. CIV. P. 42(a). Cooke

I shall be the lead case and all further filings shall be made in Cooke I. The

pleading docketed as the complaint in Cooke I shall be the complaint in this

consolidated action.

## II.    In forma pauperis applications.

Turning to Cooke's in forma pauperis applications, after reviewing the

---

[1] The complaint in 9:08-CV-74 was transferred to this District from the Western District of New York by Order of United States District Judge William M. Skretny.  Dkt. No. 3.

[2] Cooke claims that defendants failed to give him an escort to and from his medical appointments; Cooke alleges that walking "with crutches on a dim or not lighted walkway ... caus[ed] stitches [he] received 10/17/07 at Albany Med to open."  Cooke I, Dkt. No. 1 at 4.

applications and Cooke's completed inmate authorization forms, the Court finds that the Cooke may properly proceed with this matter in forma pauperis.

### III.    Must file amended complaint

The Court has also considered the sufficiency of the complaint (Cooke I, Dkt. No. 1) in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the complaint that the plaintiff has filed may properly be maintained in this District before the court may permit the plaintiff to proceed with his action *in forma pauperis*.  *See id.*

Moreover, under 28 U.S.C. § 1915A, a court must review any complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . .

3

seeks monetary relief from a defendant who is immune from such relief." 28

U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999)

(per curiam) (citation omitted).

 Plaintiff brings this action pursuant to 42 U.S.C. §1983.  Section 1983

establishes a cause of action for "the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws" of the United States.

*German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y.

1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)

(quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*,

No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy,

C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for

alleged violations of their constitutional rights.") (citation omitted).  Parties

may not be held liable under § 1983 unless it can be established that they

have acted under the color of state law.  *See, e.g., Rounseville v. Zahl*, 13

F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983);

*Wise v. Battistoni*, No. 92-CV-4288, 1992 WL 380914 (S.D.N.Y., Dec. 10,

1992) (same) (citations omitted).  State action is an essential element of any

§ 1983 claim.  *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995

WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of

Schenectady,* 862 F.Supp. 774, 776 (N.D.N.Y. 1994)) (McAvoy, C.J.) (citation

omitted)).

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)) (other citations omitted).

Plaintiff identifies three defendants – Mr. Stern, Program Superintendent; Ms. S. Flanagan, Senior Counselor; and R.N. Mullerville. Cooke I, Dkt. No. 1 at 1-2.  Cooke's present complaint fails to allege **specific acts** by **specific defendants**, and thus fails to show personal involvement for all of the defendants. In fact, the body of the complaint contains no allegations whatsoever as to defendants Stern and Flanagan.[3]  Cook I, Dkt. No. 1 at 4-6. Cooke's complaint does not contain any allegations to support a finding that either of these defendants were personally involved in the alleged violation of plaintiff's constitutional rights.

Cooke's complaint, as drafted, is not sufficient to state a claim for the violation of plaintiff's constitutional or statutory rights by the named defendants. Accordingly, Cooke's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b). In light of Cooke's *pro se* status, the Court

_____

[3] Cooke does include Stern and Flanagan in his request for relief.  Cooke I, Dkt. No. 1 at 7.

5

will allow  Cooke an opportunity to file an amended complaint. Cooke's

amended complaint must allege specific facts demonstrating that a case or

controversy exists between Cooke and the named defendants which Cooke

has a legal right to pursue and over which this Court has jurisdiction.

Any such amended complaint, **which shall replace in its entirety the**

**previous complaint filed by Cooke**, must contain a caption that clearly

identifies, by name, each individual that Cooke is suing in the present lawsuit

and must bear the case number assigned to this action. The body of Cooke's

complaint must contain a short and plain statement of facts in support of

Cooke's claims, set forth in sequentially numbered paragraphs. Each

paragraph shall set forth one act of misconduct or wrongdoing about which

Cooke complains, and shall include (i) the alleged act of misconduct; (ii) the

date on which such misconduct occurred; (iii) the names of each and every

individual who participated in such misconduct; (iv) where appropriate, the

location where the alleged misconduct occurred and (v) the nexus between

such misconduct and Cooke's civil and/or constitutional rights. Cooke is

advised that his failure to file an amended complaint **within thirty (30) days**

of the filing date of this Decision and Order may result in the dismissal of this

action, with prejudice.  *See* Fed. R. Civ. P. 41(b).

WHEREFORE, it is hereby

6

ORDERED, that the Clerk of the Court consolidate civil actions 9:07-CV-1292 and 9:08-CV-0074. The Clerk shall reassign 9:08-CV-0074 to the Hon. Gary L. Sharpe as presiding District Judge and shall refer 9:08-CV-0074 to the Hon. Gustave J. Di Bianco as Magistrate Judge.  Civil action number 9:07-CV-1292 shall be referred to and treated as the "lead" case, and all subsequent Orders of this Court and papers that are submitted by the parties hereto that pertain to any of the foregoing actions shall be filed in civil action number 9:07-CV-1292, and it is further

ORDERED, that the Clerk place a copy of this Order in the file of civil action number  9:08-CV-0074, and it is further

ORDERED, that Cooke shall file a new consolidated amended complaint **within thirty (30) days** from the filing date of this Order.  Any such amended complaint shall fully comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure and the terms of this Order, and it is further

ORDERED, that upon the filing of an amended complaint, the Clerk return the file to this Court, and it is further

ORDERED, that should Cooke fail to comply with the terms of this Order, the Clerk return the file to this Court for further consideration, including whether this consolidated action should be dismissed, with prejudice,

7

pursuant to Rule 41(b), and it is further

ORDERED, that Cooke's in forma pauperis application is granted,[4] and it is further

ORDERED, that the Clerk provide the Superintendent of the facility, designated by Cooke as his current location, with a copy of Cooke's authorization form **in the lead case**, and notify such official that this consolidated action has been filed and that Cooke is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED, that the Clerk provide a copy of Cooke's authorization form **in the lead case** to the Financial Deputy of the Clerk's Office, and it is further

ORDERED, that the Clerk serve a copy of this Order on Cooke in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:   January 28, 2008

Gary L. Sharpe
U.S. District Judge

---

[4] Cooke should note that although the application to proceed *in forma pauperis* has been granted, Cooke will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.